IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TIERRA BLANCA RANCH HIGH COUNTRY
YOUTH PROGRAM, et al.,**

      **Plaintiffs,**

v.    No. CIV-15-0850 MCA/LAM

**FELIPE GONZALES,**

      **Defendant.**

## ORDER DENYING PLAINTIFFS' MOTION TO COMPEL [*Doc. 46*]

**THIS MATTER** is before the Court on *Plaintiffs' Motion to Compel (Doc. 46)*, filed on December 13, 2016. Defendant filed a response to the motion on January 11, 2017 [*Doc. 58*], and Plaintiffs filed a reply on January 25, 2017 [*Doc. 64*]. Having considered the motion, response, reply, record of the case, and relevant law, the Court finds that the motion is not well-taken and should be **DENIED**.

In their motion, Plaintiffs ask the Court to enter an order compelling Defendant to produce all outstanding initial disclosures. *See* [*Doc. 46* at 1]. Plaintiffs state that they asked Defendant to supplement his initial disclosures by sending him letters dated November 2, 2016 (*see id.* at 5-7) and November 28, 2016 (*see id.* at 8), and that, on December 7, 2016, Defendant served a supplemental disclosure of a recorded interview of Plaintiff Bryce Hall, but that "[n]one of the requested documents identified in the November 2 and 28, 2016 letters were served on Plaintiff" (*id.* at 2).

In response to the motion, Defendant contends that Plaintiffs' motion "is the latest in a series of attempts to use the discovery process to harass Defendant and other state agencies across two different cases," and that "[r]ather than use the limited number of discovery requests permitted, Plaintiffs now seek to 'compel' initial disclosures." [*Doc. 58* at 1-2]. Defendant further contends that Plaintiffs' November 2, 2016 letter asks for recordings that are not in the custody or control of Defendant, and asks for materials that are not related to Defendant's defenses. *Id.* at 2. Defendant, therefore, argues that Plaintiff's motion to compel asks for supplemental information that is outside of the scope of what must be produced in a party's initial disclosures. *See id.* at 3-5. In addition, Defendant asks the Court to award him his costs and fees incurred in responding to Plaintiffs' motion to compel pursuant to Rule 37. *See id.* at 5-6. In support of this request, Defendant contends that the motion is without merit, and states that Plaintiffs failed to contact Defendant regarding the motion prior to filing it. *Id.* at 6.

In reply, Plaintiffs state that "[t]he taped conversations between Plaintiffs and Defendant go to the issue of consent to enter the property," and that Defendant's "initial disclosures reference documentation that has not been disclosed to Plaintiffs, including missing and unaccounted for audio tapes, goes directly to the issue of consent to enter the property in violation of Plaintiffs' Fourth and Fourteenth Amendment rights and is directly related to the Defendant's defense of qualified immunity." [*Doc. 64* at 2]. Plaintiffs further state that they "have shown in their Motion to Compel that there is a direct connection between the information they seek in discovery and the validity of Defendant's qualified immunity assertion." *Id.*

The Court finds that Plaintiffs' motion is without merit for two reasons. First, Plaintiffs failed to comply with Local Rule 7.4(a) by failing to determine whether the motion is opposed prior to filing it. While Plaintiffs attach to their motion an exhibit titled "Certificate of Good Faith Attempts to Resolve Discovery Dispute," Plaintiffs merely reference the November 2, 2016

2

and November 28, 2016 letters they sent to Defendant, and then state: "As of the present date, the Plaintiffs have not yet received the requested supplemental initial disclosures from the Defendant." [*Doc. 46* at 3].  This does not constitute a "good-faith request for concurrence" because it did not provide Defendant an opportunity to discuss the motion to compel with Plaintiffs prior to Plaintiffs filing it, and the motion could be summarily denied for this reason alone.  D.N.M. LR-Civ. 7.1(a).

Second, Plaintiffs have not established that Defendant has failed to comply with the initial disclosure requirement of Rule 26(a)(1)(ii).  Pursuant to this rule, a party must provide to other parties information "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(ii).  Defendant has stated that the information sought by Plaintiffs is not in his custody or control and/or is not related to his defenses.  *See* [*Doc. 58* at 2].  Plaintiffs do not refute these statements by Defendant and, instead, merely state that the requested information is relevant to the issues in this case.  *See* [*Doc. 64*].  A motion to compel a party to supplement its initial disclosures is not the appropriate way to obtain discovery that is not in the custody or control of that party, or that the party does not intend to use to support its claims or defenses. Moreover, to the extent Plaintiffs seek this discovery in order to oppose Defendant's motion for summary judgment, the proper way to seek such discovery is set forth in Rule 56(d), and Plaintiffs have already made this request in their response to Defendant's motion for summary judgment.  *See* [*Doc. 61*].  The Court, therefore, finds that Plaintiffs motion to compel fails to show that Defendant has not complied with his obligations for initial disclosures under Rule 26(a).

Rule 37(a)(5)(B) provides that, if a court denies a motion to compel, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or

3

both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."  Furthermore, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."  *Id.*  Here, Plaintiffs had an opportunity to respond to Defendant's request for costs and fees in their reply to Defendant's response, but did not do so.  The Court finds that Plaintiffs' motion is not substantially justified and that no other circumstances make an award of expenses unjust.  Moreover, the Court finds that Plaintiffs' counsel failed to comply with the Court's Local Rules regarding making a good-faith request for concurrence.  Therefore, the Court will require <u>Plaintiffs' counsel</u> to pay Defendant his reasonable costs and fees incurred in filing his response to the motion to compel, and counsel for Plaintiffs may not charge their clients for this expense.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, ***Plaintiffs' Motion to Compel*** *(Doc. 46)* is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's counsel may submit documentation of reasonable attorney's fees and costs incurred in connection with this motion.  Plaintiffs may respond to the amount of requested attorney's fees and costs **within fourteen (14) days of their submission**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**