UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

17 MAR 20 AM 11:13

CLERK-ALBUQUERQUE

TIERRA BLANCA RANCH HIGH
COUNTRY YOUTH PROGRAM,
SCOTT CHANDLER, COLETTE
CHANDLER, AND BRYCE HALL,
**Plaintiffs**

v.                                                                            2:15-CV-00850-MCA-LAM

FELIPE GONZALES,
**Defendant**

## MEMORANDUM OPINION AND ORDER

**This matter** is before the Court upon Defendant's *Motion to Dismiss Plaintiff Bryce Hall* [Doc. 11] and Plaintiffs' *Motion to File Second Amended Complaint.* [Doc. 30] The Court has considered the parties' submissions and the relevant law, and is otherwise fully informed. For the following reasons, the Court GRANTS Plaintiffs' *Motion to File Second Amended Complaint*, and DENIES in part and GRANTS in part Defendant's *Motion to Dismiss Plaintiff Bryce Hall.*

### I. Background

Plaintiffs Tierra Blanca Ranch High Country Youth Program (the Program), Scott Chandler, Colette Chandler, and Bryce Hall (collectively, Plaintiffs) filed a *Complaint* alleging deprivation of their constitutional rights under 42 U.S.C. § 1983 in September, 2015. [Doc. 1 (*Complaint*)] Plaintiffs alleged that Defendant Felipe Gonzales (Defendant) "used deceit and intimidation to obtain consent to search their business premises and subject them, participants and staff to prolonged detention and interrogation

with the intent and result of depriving Plaintiffs of rights arising under the Fourth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. § 1983." [Doc. 1 (*Complaint*); Doc. 6 (*Amended Complaint*)] Plaintiff Hall also alleged a violation of his First Amendment right to association. [Doc. 6] *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."). An *Amended Complaint* was filed in December, 2015. [Doc. 6 (*Amended Complaint*)] Defendant answered, [Doc. 10] and also filed a *Motion to Dismiss Plaintiff Bryce Hall*. [Doc. 11] Plaintiffs responded to the *Motion to Dismiss* [Doc. 19] and filed a *Motion to File Second Amended Complaint*. [Doc. 30]

The following facts are derived from the *Amended Complaint*. [Doc. 6] The Program "is a privately funded program for troubled youths that provides a simple ranch life with the goal of helping troubled teenagers turn their lives around." [Doc. 6, ¶ 11] Plaintiff Bryce Hall was enrolled in the Program at the time of the events at issue, and Plaintiff Scott Chandler (Chandler) is an owner and director of the Program. [Doc. 6, ¶¶ 5-7]

In September, 2013, a resident of the Program was killed in a car accident while riding in a vehicle driven by a Program staff member. [Doc. 6, ¶ 32] The New Mexico State Police, among others, responded to the accident. [Doc. 6, ¶ 33] A few days after

the accident, Defendant contacted Chandler to arrange to question people involved in the accident. [Doc. 6, ¶ 35] Approximately six days later, Defendant arrived at the Program with five other state police officers as well as five staff members of the New Mexico Children, Youth and Families Department (CYFD). [Doc. 6, ¶ 40] Plaintiffs allege that, over objections by the Chandlers and "[u]sing threats and coercion, CYFD and the New Mexico State Police entered the property and interviewed the youths without permission or a warrant." [Doc. 6, ¶ 47] Plaintiffs further allege that after the interviews, CYFD "directed [the parents of youths in the Program] to remove their youths from the . . . Program because the Program was going to be shut down." [Doc. 6, ¶ 60] The *Amended Complaint* states that Chandler was forced to "return the boys to their families due to the untenable situation caused by the actions of CYFD following the September 30, 2013 interviews." [Doc. 6, ¶ 56]

Plaintiffs allege that Defendant "illegally entered onto the Tierra Blanca Creek Ranch property and detained Bryce Hall against his will without warrants or other legal basis," [Doc. 6, ¶ 95] and that "[a]s a result of the actions by [Defendant,] and/or others under his command or in the course of events instigated by him, Plaintiff Bryce Hall was forcibly sent away from the Program and deprived of his constitutional right of association, and the care and guidance of the . . . Program, which he was depending on to turn his life around and keep him out of trouble." [Doc. 6, ¶ 96] In the *Amended Complaint*, Plaintiffs allege that "[b]ecause of the State's conduct, Bryce sustained additional living and educational expenses, loss of income, loss of earning capacity,

suffered emotional trauma, strained family relations and interference with privacy." [Doc. 6, ¶ 106]

Defendant now moves to dismiss Plaintiff Bryce Hall [Doc. 11] on the grounds that 1) Hall lacks standing to bring claims against Defendant, and 2) Hall has failed to state a claim related to his First Amendment right to association. [Doc. 11] Plaintiff Hall opposes the motion to dismiss [Doc. 19] and also moves to amend the complaint. [Doc. 30]

## II. Analysis

### A. Order of Consideration of Motions

The first question presented is the order in which to consider the pending motions. In essence, Plaintiffs' *Motion to File Second Amended Complaint* seeks to modify the *Amended Complaint* to address the deficiencies identified by Defendant's *Motion to Dismiss*. [Doc. 30] Thus, if the *Second Amended Complaint* rectifies any such deficiencies, the *Motion to Dismiss* is moot. *See Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (stating that "[a] pleading that has been amended under Federal Rule of Civil Procedure 15(a), supersedes the pleading it modifies" and that "motions to dismiss [filed before an amended pleading] are technically moot because they are directed at a pleading that is no longer operative."). However, if the *Second Amended Complaint* also fails to state a claim, then the amendment would be futile and the Court may properly deny leave to amend. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (stating that a district court is "justified in denying the motion to amend if the

proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim.").

Defendant argues that his *Motion to Dismiss* must be considered before granting leave to amend the *Amended Complaint*. [Doc. 31, pg. 2] Such an approach is contrary to the "preferred practice," which is "to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim." *McKinney v. State of Okl., Dep't of Human Servs., Shawnee OK*, 925 F.2d 363, 365 (10th Cir. 1991). The Court will therefore consider first Plaintiffs' *Motion to File Second Amended Complaint*.

### B. Plaintiff's Motion to File Second Amended Complaint

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading by leave of the court after a responsive pleading is served, and provides that leave shall be freely given when justice so requires.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing cases). Defendant's only argument in opposition to the proposed *Second Amended Complaint* is that the *Second Amended Complaint* fails to adduce facts necessary to support Plaintiffs' claims, an argument closely related to Defendant's *Motion to Dismiss*. [Doc. 31, pg. 2] Thus, he does not

argue that he will suffer undue prejudice if the amendment is granted, or that Plaintiffs have acted in bad faith. The Court concludes that Plaintiffs' *Motion to File Second Amended Complaint* should be, and hereby is, granted. The Court will consider Defendant's *Motion to Dismiss* in light of the facts set forth in the proposed *Second Amended Complaint*. *See Bauer v. City & Cty. of Denver*, 642 F. App'x 920, 925 (10th Cir. 2016) (unpublished) (affirming the district court's denial of a motion to amend where the district court considered whether the proposed amended complaint stated a claim or was futile); *Gotfredson,* 432 F. Supp. 2d at 1172 (assessing a motion to dismiss vis a vis an amended complaint where the movant requested the court to do so).

### C. *Defendant's Motion to Dismiss Plaintiff Bryce Hall's Complaint*

#### 1) Standing

Defendant first contends that Plaintiff Hall's claims must be dismissed because the factual allegations contained therein are insufficient to demonstrate that Plaintiff Hall has standing to bring either of his claims. Although Defendant does not reference Rule 12(b)(1), the Court construes this argument as a challenge to this Court's jurisdiction. *See* H. EDWARDS, ET AL., FEDERAL STANDARDS OF REVIEW: REVIEW OF DISTRICT COURT DECISIONS AND AGENCY ACTIONS, § III.A (2013) (stating that "[i]f a plaintiff lacks standing, the courts are prohibited from resolving the merits of the complaint," citing *Steel Co. v. Citizens for a Better Env't,*, 523 U.S. 83, 101–02 (1998); *see Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224 (10th Cir. 2012) ("Our court has repeatedly characterized standing as an element of subject matter jurisdiction."); *In re Hart Oil & Gas, Inc.*, 534 B.R. 35, 45 (Bankr. D.N.M. 2015) ("The Tenth Circuit deals

with standing arguments under Fed. R. Civ. P. 12(b)(1) rather than 12(b)(6).")."When evaluating a plaintiff's standing at the stage of a motion to dismiss on the pleadings, . . . the trial . . . courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1152 (10th Cir. 2013) (internal quotation marks and citation omitted).

"Standing under Article III is, of course, a threshold issue in every case before a federal court[.]" *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 892 (10th Cir. 2011). Standing is required for each claim asserted. *Id.* (stating that "[p]laintiffs must have standing to seek each form of relief in each claim" (internal quotation marks and citation omitted)). "To establish constitutional standing under Article III, Plaintiffs must demonstrate three elements: injury in fact, traceability, and redressability." *Id.* (internal quotation marks and citation omitted). To meet the "traceability" requirement, a plaintiff must show that an alleged injury is "fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (alterations, internal quotation marks, and citation omitted). "Traceability is absent when we have to guess why the third parties acted as they did." *N. Laramie Range All. v. F.E.R.C.*, 733 F.3d 1030, 1035 (10th Cir. 2013).

*Plaintiff Hall's Fourth Amendment Claim*

Defendant argues that Plaintiff Hall lacks standing to raise his Fourth Amendment claim because he fails to allege in the *Amended Complaint* "any facts which show when

he was detained, why it was illegal, and, most importantly, how this detention created a traceable injury." [Doc. 11, pg. 5] However, in the *Second Amended Complaint*, Plaintiffs allege that, on September 30, 2013, [Doc. 30, ¶ 41] "CYFD and the New Mexico State Police entered the property and interviewed the youths without permission or a warrant, including Plaintiff Bryce Hall," [Doc. 30, ¶ 47] and that "[e]ach youth, including Plaintiff Bryce Hall, was detained and questioned by a State Police Officer and a representative of CYFD [who were] on the . . . property for over seven hours." [Doc. 30, ¶ 48] They further allege that there were "no exigent circumstances justifying entry onto the . . . property and the lengthy (seven hour) detention of persons present there." [Doc. 30, ¶ 91] Finally, they allege that Defendant told Chandler that the scope of the interviews would be limited to the accident and that thus any consent obtained for interviews of the youth, including Plaintiff Hall, was obtained through coercion. [Doc. 30, ¶¶ 92-93] These factual allegations are sufficient to demonstrate when Plaintiff Hall was detained and why such detention was illegal.

As to traceability, Defendant maintains that Plaintiff Hall's injuries resulting from his departure from the Program, if any, were "the result of his own choices," not to Defendant's conduct. [Doc. 11, pg. 5.] Defendant's argument rests on his presumption that Plaintiff Hall's injury was his removal from the Program and alleged resulting difficulties and "troubled behavior." [Doc. 11, pg. 5-6] This presumption, however, glosses over the fact that "a warrantless search is presumptively unreasonable under the Fourth Amendment and therefore invalid unless it falls within a specific exception to the warrant requirement." *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1240 (10th Cir.

2003); *cf.* 78A C.J.S. Schools and School Districts § 1105 ("[I]t is a violation of a child's constitutional rights to conduct a search of that child at a private school without a warrant or probable cause, consent, or exigent circumstances."). Hence, an unreasonable seizure is itself the injury; a plaintiff is not required to allege any additional "serious injury" or an injury that "shocks the conscience." *Lester v. City of Chicago*, 830 F.2d 706, 712 (7th Cir. 1987) ("The Fourth Amendment protects against unreasonable seizures, not seizures that 'shock the conscience' or cause 'severe injuries.' If, under the totality of circumstances, a police officer unreasonably seizes a person by using excessive force, he has violated that person's Fourth Amendment rights. The objectively unreasonable seizure itself . . . crosses the constitutional threshold."). Here, given the facts asserted above, Plaintiff Hall has alleged sufficient facts to state a claim that his detention itself constituted an injury that was traceable to Defendant's conduct.

*Plaintiff Hall's First Amendment Claim*[1]

---

[1] In the *Amended Complaint*, Plaintiff Hall alleges that Chandler was the legal guardian of the youths in the Program [Doc. 6, ¶ 56] and that Chandler "was in a protected familial relationship with each of the youths enrolled in the . . . Program." [Doc. 6, ¶ 57] The *Amended Complaint* also alleges that "CYFD's actions from September 30, 2013 forward were a direct interference with the familial relationship using [Defendant's] illegal conduct." [Doc. 6, ¶ 71] These assertions appear to reference a right to familial association, which is recognized as arising under the Fourteenth Amendment. *Lowery v. Cnty. of Riley*, 522 F.3d 1086, 1092 (10th Cir. 2008) ("The Tenth Circuit has repeatedly recognized the right to familial association as a 'liberty interest' protected by the Due Process Clause of the Fourteenth Amendment, not the First Amendment."). However, both the *Amended Complaint* and *Second Amended Complaint* refer only to the First Amendment, not the Fourteenth Amendment. [Doc. 6, Count II; Doc. 30, Count II] Moreover, in his *Response* to Defendant's *Motion to Dismiss Plaintiff Hall*, Plaintiff Hall states that his "freedom of association claim is based on the right to associate for educational purposes." [Doc. 19, pg. 10] The Court therefore construes Plaintiff Hall's right to associate claim as arising only under the First Amendment.

Defendant next argues that Plaintiff Hall's First Amendment claim for violation of his right to association must be dismissed because neither the *Amended Complaint* nor the *Second Amended Complaint* demonstrates that it was Defendant's conduct that led to Plaintiff Hall's injury. [Doc. 11, 30, 31] The first question is whether Plaintiff Hall has a right to associate protected by the First Amendment.

A First Amendment right to associate arises from recognition that "[a]n individual's freedom to speak, to worship, and to petition the government for the redress of grievances could not be vigorously protected from interference by the State unless a correlative freedom to engage in group effort toward those ends were not also guaranteed." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 622 (1984). "Because protection of the right to associate evolves from the First Amendment's guarantees of speech, assembly, petition, and free exercise, the scope of protection for association corresponds to the constitutional solicitude afforded to the mode of First Amendment expression in which a particular group seeks collectively to engage." *Wine & Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 50 (1st Cir. 2005). In other words, a First Amendment right to associate pertains only when the association serves an expressive purpose. *Id.*; *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 648 (2000) ("To determine whether a group is protected by the First Amendment's expressive associational right, we must determine whether the group engages in 'expressive association.' . . . [In order] to come within [the First Amendment's] ambit, a group must engage in some form of expression, whether it be public or private."). It does not apply to activities lacking such purpose. *Wine & Spirits Retailers, Inc.*, 418 F.3d at 50 (stating that "the embedded associational right

protects only collective speech and expressive conduct . . . ; it does not cover concerted action that lacks an expressive purpose," citing *City of Dallas v. Stanglin,* 490 U.S. 19, 24–25 (1989)). Thus, a claim for violation of a right to expressive association must demonstrate that the defendants' conduct "unduly curtail[s] [the plaintiff's] associational right to engage in activities protected by the First Amendment. Elsewise, [the plaintiff] cannot prevail on [his] associational claim." *Wine & Spirits Retailers, Inc.,* 418 F.3d at 50; see *JL v. New Mexico Dep't of Health,* 165 F. Supp. 3d 996, 1040–41 (D.N.M. 2015) (dismissing a claim for a First Amendment association violation where "[t]he complaint alleges the deprivation of the right to family association as an end in itself, not as a deprivation of an association for the purpose of pursuing activities protected by the First Amendment" and "[the p]laintiffs . . . failed to allege facts that implicate the infringement of their First Amendment right of expressive association").

The U. S. Supreme Court examined the concept of expressive association in *Boy Scouts of America.* 530 U.S. at 649–50. After reviewing the statement of values espoused by the Boy Scouts[2], the U.S. Supreme Court held that the Boy Scouts engaged in expressive activity "by having its adult leaders spend time with the youth members, instructing and engaging them in activities like camping, archery, and fishing. During the time spent with the youth members, the scoutmasters and assistant scoutmasters inculcate them with the Boy Scouts' values—both expressly and by example." *Id.* The Court

---

[2] As enumerated in the Scout's Oath ("On my honor I will do my best to do my duty to God and my country and to obey the Scout Law; to help other people at all times; to keep myself physically strong, mentally awake, and morally straight") and Scout Law ("A Scout is: Trustworthy Obedient Loyal Cheerful Helpful Thrifty Friendly Brave Courteous Clean Kind Reverent.") *Boy Scouts of Am.,* 530 U.S. at 649.

concluded, "It seems indisputable that an association that seeks to transmit such a system of values engages in expressive activity." *Id.*

Here, Plaintiff Hall alleges that

> As part of the . . . Program, the youths are taught responsibility, self-discipline, leadership skills, intellectual development, consequences, and the necessity of having self-respect and respect for others.  The Program uses a variety of methods to help the youths learn to act responsibly, re-gain trust, and build relationships. [Doc. 30, ¶¶ 20]

> The Program includes camping and hiking as part of the outdoor, wilderness discovery element, and work projects related to living in a ranch[-]style environment.  The purpose of the outdoor activities and work project is to help the youths learn self-discipline, build confidence, and to teach responsibility and a strong work ethic. [Doc. 30, ¶ 22]

Construing the *Second Amended Complaint* in favor of Plaintiff Hall, as it must, *S. Utah Wilderness All.*, 707 F.3d at 1152, the Court concludes that at this stage of the proceedings Plaintiff Hall has sufficiently asserted that the Program served an expressive purpose under *Boy Scouts of America*.  Even so, the Court will dismiss Plaintiff Hall's First Amendment claim because Plaintiffs have failed to demonstrate that his alleged injuries are traceable to Defendant's conduct.

Plaintiffs state that "*CYFD willfully and purposefully kept all the boys from contacting or returning to the . . . Program*" and that "*CYFD's conduct prohibiting contact with the Chandler[]s or the . . . Program was illegal and unenforceable.*" [Doc. 30, ¶¶ 108, 109 (emphasis added)]  Indeed, Plaintiffs state that

> 1) "the . . . Program is run with the knowledge of CYFD" [Doc. 30, ¶ 15];
>
> 2) "The . . . Program has never denied access to or refused to speak with either law enforcement or CYFD" [Doc. 30, ¶ 15];

3) "Scott Chandler, on behalf of the . . . Program met with CYFD in an effort to establish common ground and working relationship between the Program and CYFD" [Doc. 30, ¶ 26];

4) the "program continued with CYFD placements on a case-by-case basis" from "approximately 2008" [Doc. 30, ¶ 27];

5) CYFD personnel interviewed youth in the Program on September 30, 2013 [Doc. 30, ¶¶ 40, 47-48];

6) "CYFD told the boys that they were 'here to shut down' the Program" [Doc. 30, ¶ 52];

7) "CYFD's post-September 30, 2013 [conduct] . . . demonstrates that CYFD's intent was to shut[]down the . . . Program without direct adjudication of the facts" [Doc. 30, ¶ 70]; and

8) "CYFD's actions . . . were a direct interference with the familial relationship." [Doc. 30, ¶ 71]

Although Plaintiffs contend that CYFD's conduct was "facilitated by and directly resulted from the unconstitutional conduct of [Defendant,]" [Doc. 30, ¶ 109] this Court is "not bound by conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Other than asserting so, Plaintiffs fail to allege facts plausibly demonstrating that it was *Defendant*'s conduct that led to CYFD's investigation or subsequent actions. The Court concludes that Plaintiff Hall's alleged injuries are not traceable to Defendant's conduct.

In sum, Plaintiffs have sufficiently pled facts to establish standing to state a claim for violation of Hall's Fourth Amendment right to be free of unreasonable searches and seizures, but has failed to establish standing to state a claim for violation of Hall's First Amendment right to associate because he has failed to allege facts showing that Defendant was the cause of his alleged injury, i.e., removal from the Program.

### 2) Failure to State a First Amendment Right to Associate Claim

In the alternative, but for similar reasons, Plaintiff Hall's right to associate claim also fails under Rule 12(b)(6) because Plaintiff Hall has not asserted facts indicating that Defendant was the cause of his injuries. Fed. Civ. P. Rule 8(a)(2) requires a complaint to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." For decades, Rule 12(b)(6) motions were governed by a test taken from *Conley v. Gibson*, 355 U.S. 41 (1957). In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), the Supreme Court retired *Conley*'s test, replacing it with the following test: "to withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570). In applying this test, a court accepts as true "all plausible, non-conclusory, and non-speculative" facts alleged in the plaintiff's complaint, *Shrader v. Al Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011); provided, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In short, in ruling on a Rule 12(b)(6) motion, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Collins*, 656 F.3d at 1214.

Under 42 U.S.C. § 1983, "[t]wo elements are required to state a claim for relief . . . : (1) the defendant acted under color of state law, and (2) *the defendant's actions deprived the plaintiff of some right, privilege or immunity secured by the constitution or*

the laws of the United States." *Boren By & Through Boren v. City of Colorado Springs*, 624 F. Supp. 474, 476 (D. Colo. 1985) (emphasis added); *see Scott v. Hern*, 216 F.3d 897, 911 (10th Cir. 2000) ("A plaintiff must allege factual causation—i.e. 'but for' causation—in order to state a claim under § 1983."). "Government actors may be liable for the constitutional violations that another committed, if the actors set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights, thus establishing the requisite causal connection between the government actor's conduct and a plaintiff's constitutional deprivations." *Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 2006) (internal quotation marks and citation omitted). Moreover, "[i]f two forces are actively operating, . . . and *each of itself is sufficient to bring about harm to another*, the actor's negligence may be found to be a substantial factor in bringing it about." *Northington v. Marin,* 102 F.3d 1564, 1568–69 (10th Cir. 1996) (emphasis added).

Even if the Court accepts Plaintiffs' assertion that Defendant's mischaracterization of Plaintiff Hall's statements contributed to CYFD's decision to take Hall into custody, [Doc. 30, ¶ 104] the Court concludes that Plaintiffs have failed to show that Defendant's actions were sufficient to cause Hall's removal from the Program. Plaintiffs do not allege facts demonstrating that Defendant had the authority to "shut down" the Program or to direct CYFD to do so, that Defendant directed CYFD's questioning of the youth in the Program, or that CYFD relied on Defendant's conduct in seeking court orders to take Plaintiff Hall into CYFD custody. [Doc. 30, ¶ 105 (stating Hall was placed in CYFD custody pursuant to court order)] Thus, they have failed to show that Defendant's

conduct was a substantial factor leading to the alleged injuries to Hall. *See Scott*, 216 F.3d at 911 (holding that causation was not established where, "[a]ssuming that [the defendant] included false statements in his report and then gave that report to [a psychiatrist] knowing it would be used to seek [the plaintiff]'s involuntary commitment, it simply is not the case that, but for [the defendant]'s preparation and provision of the report, [the plaintiff] would not have been committed"); *Nichols v. Brown*, 859 F. Supp. 2d 1118, 1130 (C.D. Cal. 2012) ("[I]f it appears that plaintiff's alleged injuries are the result of conduct of a third person not a party-defendant, or the result of other circumstances not within the control of the defendant, there can be no finding that a sufficient causal nexus exists between the plaintiff's alleged injuries and the defendant's challenged conduct." (internal quotation marks and citation omitted). *But see A.M. v. New Mexico Dep't of Health*, 148 F. Supp. 3d 1232, 1308 (D.N.M. 2015) (holding that the plaintiff sufficiently pled causation by alleging that defendants "la[id] the groundwork for a constitutional violation to occur" when they "each personally contributed in some way to the decision making process [that led to the plaintiff's injuries]."). In the absence of alleged facts demonstrating that Defendant caused Plaintiff Hall's removal from the Program, Plaintiff Hall has failed to state a claim against Defendant for infringement of any right to associate under the First Amendment.

## III. Conclusion

For the reasons stated herein, Plaintiff's *Motion to File Second Amended Complaint* is **GRANTED**.

Defendant's *Motion to Dismiss Plaintiff Bryce Hall* is **GRANTED** as to Plaintiff Hall's First Amendment claim, and **DENIED** as to Plaintiff Hall's Fourth Amendment claim.

**SO ORDERED this 20th day of March, 2017.**

M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE