IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIERRA BLANCA RANCH HIGH
COUNTRY YOUTH PROGRAM;
SCOTT CHANDLER; COLETTE CHANDLER;
and BRYCE HALL,

        Plaintiffs,

                                      Case No. 2:15-cv-00850-KRS-GBW

v.

FELIPE GONZALES,

        Defendant.

## ORDER OVERRULING OBJECTIONS AND STRIKING NOTICE OF FILING

**THIS MATTER** comes before the Court on Plaintiffs' objections (Doc. 176) to Judge Wormuth's order (Doc. 172) granting former New Mexico Governor Susanna Martinez's, former Department of Correction's Secretary David Jablonski's, and former general counsel Steven Blankinship's respective motions for protective orders and to quash subpoenas for their depositions. Plaintiffs challenge, in sum, Judge Wormuth's reliance on and application of the "apex doctrine" as articulated in *Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 U.S. Dist. LEXIS 68940 (D. Colo. June 27, 2011). Under that approach, the Court may prevent the deposition of high-ranking government officials where one or more of the following circumstance(s) exist: (1) the official has no "unique knowledge" of the subject matter; (2) another witness could provide the information sought; (3) an alternative discovery method would provide the information sought; and/or (4) the official would suffer "severe hardship" in performing his or her official duties if forced to sit for a deposition. *Id.*, at *3. Judge Wormuth

ultimately determined that Plaintiffs failed to show any of these officials had unique, personal knowledge that would entitle Plaintiffs to depose them. (Doc. 172).

Federal Rule of Civil Procedure 72(a) allows a party to seek review of a magistrate judge's non-dispositive order. To do so, the aggrieved party must file objections within fourteen days after service of the order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The clearly-erroneous standard is difficult to satisfy. This Court must have "a definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation omitted). Under the "contrary to law" law standard, the Court reviews the pretrial judge's legal determinations *de novo* and sets them aside if the judge applied an incorrect legal standard. *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 464 (D.N.M. 2018) (citations omitted). "In sum, it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the district judge." *Id.* (citations omitted).

The Court has reviewed Judge Wormuth's order in accordance with the standard above and is not left with a firm and definite conviction that a mistake was made. Contrary to Plaintiffs' contention, it was not legal error for Judge Wormuth to adopt the apex doctrine instead of applying Rule 26(c)'s standard[1] for protective orders. As Plaintiffs observe, the Sixth Circuit favors a rules-based approach, *see Serrano v. Cintas Corp*., 699 F.3d 884 (6th Cir. 2012), but Sixth Circuit precedent is not binding here. While the Tenth Circuit could adopt *Serrano*'s reasoning in the future, Plaintiffs do not point to authority foretelling any such eventuality or

---

[1] Federal Rule of Civil Procedure 26(c)(1)(A) allows the Court "for good cause issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other remedies, preventing a deposition. As distinct from the apex doctrine, Rule 26(c) appears to require a showing of harm to the putative deponent as a condition to obtaining a protective order.

explain why Judge Wormuth was foreclosed from relying on a decision from a federal court in *this* Circuit. *See, e.g.*, *Baca v. Berry*, 806 F.3d 1262, 1272 (10th Cir. 2015) (rejecting claim of reversible error where the plaintiffs could not point to a Tenth Circuit case and it was far from clear that the court would adopt the bright-line rule set forth in an out-of-circuit decision). In any event, Plaintiffs did not cite *Serrano* to Judge Wormuth in the first place.

Nor did Judge Wormuth misapply the apex doctrine as Plaintiffs argue in the alternative. True, Governor Martinez, Secretary Jablonski, and general counsel Blankinship no longer hold office, but Judge Wormuth determined that Plaintiffs waived any argument that they are now free from the press of official business. (Doc. 172, at 6). Plaintiffs do not object to the waiver analysis here, and the Court will not consider Plaintiffs' unpreserved challenge. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."). Likewise unavailing is Plaintiffs' more general complaint that documents attached to their response briefs show the former governor and her staff had knowledge of and involvement in the investigations. The Court declines to comb the record to flesh out this conclusory contention, but notes Judge Wormuth fully considered the exhibits and concluded none of the officials had *unique* personal knowledge. Plaintiffs object to the "unique personal knowledge" standard, but fail to identify any clear error in Judge Wormuth's reading of the exhibits as showing only secondhand information of the events in question.

Throughout their objections, Plaintiffs point to depositions that occurred after Judge Wormuth issued the protective orders. New exhibits not before Judge Wormuth are attached to Plaintiffs' objections and by way of a "notice of filing." (Docs. 176 & 205). In a previous order, the Court warned against presenting new argument and evidence in notices. (Doc. 197). The practice is improper: it is neither contemplated nor authorized by the Federal Rules of Civil

Procedure and does not offer any mechanism by which an opposing party might respond as fundamental fairness would dictate. Moreover, there is no basis to submit new information to a *reviewing* court in this context. *See* Fed. R. Civ. P. 72(a). Because the materials were unavailable to Judge Wormuth, the Court necessarily cannot determine whether any error occurred in Judge Wormuth's analysis of that evidence. Accordingly, the Court declines to consider any new information or argument here from the notice or the objections. *See In re Search of Info.*, 212 F. Supp. 3d 1023, 1038 (D. Kan. 2016) ("[T]his court may not consider new evidence while sitting in review of a magistrate judge's [non-dispositive] order[.]"). Further, the Court will strike the notice and exhibits thereto. Plaintiffs may present their new information to Judge Wormuth by way of an appropriate motion. *See*, *e.g.,* Fed. R. Civ. P. 60.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' objections (Doc. 176) to Judge Wormuth's Order Regarding Motions for Protective Order and to Quash Subpoenas Pursuant to Apex Doctrine are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Notice of Filing in Support of Objections (Doc. 205) is hereby **STRICKEN** from the record.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent